UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DOLLAR RENT A CAR, INC.; )
THRIFTY RENT-A-CAR SYSTEM, INC.; )
and THE HERTZ CORPORATION, )
　)
    **Plaintiffs,** )
　)
v. ) Case No. 17-CV-0628-CVE-FHM
　)
WESTOVER CAR RENTAL, LLC; )
PHILIP R. MOOAR; )
CARL P. PALADINO; )
JOEL CASTLEVETERE; )
ENRICO D'ABATE; and )
MICHAEL G. DILLON, )
　)
    **Defendants.** )

## OPINION AND ORDER

Now before the Court are non-party 1234 Group, LLC's (1234 Group) motion for substitution as co-counterclaimant or, in the alternative, intervention (Dkt. ## 42, 44),[1] and plaintiffs' motion to dismiss defendant Westover Car Rental, LLC's (Westover) amended counterclaims (Dkt. # 49).

### I. Background and Procedural History

This is an action for breach of contract and declaratory judgment arising from Westover's operation of plaintiff Dollar Rent A Car, Inc. (Dollar) and plaintiff Thrifty Rent-A-Car System, Inc. (Thrifty) outlets in Buffalo, New York. Dkt. # 2. Plaintiffs filed their complaint on November 17, 2017. Id. It alleges: Dollar and Thrifty claim against Westover for breach of license agreements (count one); Dollar and Thrifty claim against the individual defendants for breach of personal

---

[1]   1234 Group's motion was docketed as two motions: a motion to substitute (Dkt. # 42), and a motion to intervene (Dkt. # 44).

guaranty (count two); plaintiff The Hertz Corporation (Hertz) claims against Westover for breach of vehicle purchase participation (count three); Hertz claims against the individual defendants for breach of personal guaranty (count four); Dollar and Thrifty claim against the individual defendants for breach of license agreements (count five); and Dollar and Thrifty claim against Westover and the individual defendants for declaratory judgment as to post-termination obligations (count six). Id. at 12-17.

On December 27, 2017, Westover and 1234 Group executed an "Assignment of Claim for Damages" (the assignment). Dkt. # 42-1. 1234 Group, a non-party to this litigation, apparently shares at least one manager with Westover. Id.[2] The assignment states that Westover "hereby sells and transfers to [1234 Group] . . . any and all claims [Westover] . . . has or may have against [plaintiffs]." Id. On April 3, 2018, Westover filed counterclaims against plaintiffs (Dkt. # 21). On May 3, 2018, plaintiffs filed a motion to dismiss for failure to state a claim (Dkt. # 33). In addition, on May 23, 2018, plaintiffs filed a motion to supplement their motion to dismiss (Dkt. # 36). In it, plaintiffs aver, and Westover and 1234 Group do not contest, that neither Westover nor 1234 Group disclosed to plaintiffs the existence of the assignment until May 7, 2018—i.e. over four months after Westover and 1234 Group executed the assignment, over one month after Westover filed its counterclaims, and four days after plaintiffs filed their motion to dismiss. Id. at 2-3.[3] Accordingly, plaintiffs moved to supplement their motion to dismiss with the argument that, due to the

---

[2] The assignment was executed by William Paladino "as Manager" for both Westover (the assignor) and 1234 Group (the assignee). Id.

[3] Plaintiffs add that "the Assignment was not mentioned in Westover's May 1, 2018 Disclosure Statement, which was emailed to [plaintiffs'] counsel on May 2, 2018." Id. at 2.

assignment, Westover lacks prudential standing to assert its counterclaims, and the Court granted plaintiffs' motion to supplement. Id.; Dkt. # 37.

In lieu of responding to plaintiffs' motions to dismiss and supplement, on May 24, 2018, Westover filed amended counterclaims, alleging: breach of contract against Dollar and Thrifty (count one); tortious interference with existing contract against Hertz (count two); tortious interference with prospective economic advantage against all plaintiffs (count three); violation of the Racketeer Influenced Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) against all plaintiffs (count four); and unlawful tying in violation of the Sherman Act, 15 U.S.C. § 1 against all plaintiffs (count five). Dkt. # 38, at 26-38.

On June 4, 2018, 1234 Group filed its motion for substitution as a co-counterclaimant or, in the alternative, intervention (Dkt. ## 42, 44). On June 7, 2018, plaintiffs filed a motion to dismiss Westover's amended counterclaims for failure to state a claim and lack of jurisdiction. Dkt. # 49.[4] In it, plaintiffs renew their argument that, due to the assignment, Westover lacks prudential standing to bring its counterclaims. Id. at 16-18. On June 14, 2018, however, in their response to 1234 Group's motion for substitution or intervention, plaintiffs state that "[t]here are serious questions as to the assignability of, at a minimum, the contract-related counterclaims, because Westover's License Agreement with Dollar and Thrifty contain non-assignment provisions." Dkt. # 51, at 2 n.2. On July 2, 2018, the Court ordered plaintiffs to take a position as to whether they contest or consent to the assignment. Dkt. # 57. On July 3, 2018, plaintiffs filed a notice that they "will not contest the validity or existence of the . . . assignment of claims at issue in this case." Dkt. # 58.

---

[4] This motion is improperly docketed as a motion to dismiss for lack of jurisdiction. Prudential standing is not a jurisdictional issue. See infra pages 9-10.

## II. 1234 Group's Motion for Substitution or Intervention

In its motion for substitution as co-counterclaimant or, in the alternative, intervention, 1234 Group—citing five of the six conceivably applicable Federal Rules of Civil Procedure—argues that it has a right, or at least should be permitted, to be substituted for Westover in, or join or intervene in, Westover's amended counterclaims. Dkt. ## 42, 44.[5] First, 1234 Group argues that, in light of the assignment, it "should be substituted as a co-counterclaimant." Dkt. # 42, at 3-4 (quoting Fed. R. Civ. P. 25(c); Fed. R. Civ. P. 21). In the alternative, 1234 Group asserts, providing no rationale, that the Court either must permit it to intervene in Westover's amended counterclaims under Fed. R. Civ. P. 24(a)(2) or should permit its intervention under Fed. R. Civ. P. 24(b)(1)(B). Dkt. # 44, at 4-5. Finally, in its reply brief, 1234 Group argues that Fed. R. Civ. P. 17(a)(3) "is the proper procedural mechanism" to join or substitute 1234 Group as the real party in interest. Dkt. # 55, at 2-3.[6]

Plaintiffs respond that substitution under Fed. R. Civ. P. 25(c) is inappropriate because the Rule governs scenarios where an interest is transferred during an action, which is not the case here since Westover assigned its counterclaims to 1234 Group before Westover filed its initial counterclaims. Dkt. # 51, at 4 (citing Fed. R. Civ. P. 25(c); Wells Fargo Bank, N.A. v. Hous. Found., 2011 WL 1833378, at *2 (N.D. Okla. May 6, 2011)). In addition, plaintiffs state that 1234

---

[5] The Federal Rules of Civil Procedure that govern joinder, substitution, and intervention of parties are Rules 17, 19, 20, 21, 24, and 25. 1234 Group cites each except Rule 19.

[6] Also in reply, 1234 Group argues that "[u]ntil the issue of assignability of the counterclaims is . . . resolved, Westover, pursuant to Federal Rule of Civil Procedure 20(a)(1)(A), continues to be a proper party 'in the alternative' to 1234 Group. Therefore, Westover should continue to be joined as a co-counterclaimant with 1234 Group should substitution be granted herein." Id. at 3. As discussed, the issue of assignability has been resolved. See supra page 3. This argument is therefore moot.

4

Group should "be permitted to intervene as the party in interest" but only for the purpose of ensuring that the Court's dismissal with prejudice of Westover's amended counterclaims for lack of standing binds both Westover and 1234 Group. Id. at 5. Plaintiffs do not rebut 1234 Group's arguments under Fed. R. Civ. P. 21, 24(a)(2) or 24(b)(1)(B), and 1234 Group raised its arguments under Fed. R. Civ. P. 17 and 20(a)(1)(A) for the first time in reply.

The Court finds that 1234 Group has no right, and should not be permitted, to be substituted for Westover in, or join or intervene in, Westover's amended counterclaims under any Federal Rule of Civil Procedure.[7] Below, the Court addresses 1234 Group's arguments in turn.

Federal Rule of Civil Procedure 25(c) provides, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Here, there has been no transfer of interest between Westover and 1234 Group for purposes of Rule 25(c). Westover assigned any and all claims against plaintiffs to 1234 Group on December 27, 2017—i.e. over three months before Westover filed its initial counterclaim on April 3, 2018.[8] Accordingly, as this Court

---

[7] Indeed, it appears that William Savino, counsel for both 1234 Group and Westover, surmised as much. In their motion to supplement their motion to dismiss, plaintiffs attach as an exhibit what they aver is a May 7, 2018 email from Mr. Savino to plaintiffs' counsel. In the email, Mr. Savino states, "[f]or business reasons, before my retention, the counterclaims were assigned to a related non-party [i.e. 1234 Group], so [co-counsel] and I are therefore probably forced to start a separate action as a related case . . . ." Dkt. # 36-2.

[8] 1234 Group argues that there has been a transfer of interest because "[a]s of the time the Complaint was filed by plaintiffs . . . on November 17, 2017, the causes of action for damages had not yet been assigned by Westover to 1234 Group . . . ." Dkt. # 55, at 2. But using plaintiffs' filing of the complaint, instead of Westover's filing of its initial counterclaims, as the benchmark to assess whether there has been a transfer of interest for purposes of Rule 25(c) is illogical, because 1234 Group seeks only to be substituted as plaintiff in Westover's amended counterclaims and not as the defendant in plaintiffs' action against Westover.

5

has held under similar circumstances, because there has been no transfer of interest between Westover and 1234 Group since Westover filed its initial counterclaims, Rule 25(c) "is an improper avenue by which to substitute" 1234 Group as plaintiff in Westover's amended counterclaims. Wells Fargo, 2011 WL at *2.

1234 Group's argument that the Court should permit it to join Westover as a co-counterclaimant pursuant to Fed. R. Civ. P. 21 also fails. Rule 21 provides, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. But no parties were misjoined in this case, and the Court does not dismiss Westover's amended counterclaims on such a ground. Rule 21, therefore, is plainly inapposite.

Equally unavailing are 1234 Group's arguments that it has a right or should be permitted to intervene under Fed. R. Civ. P. 24(a)(2) or 24(b)(1)(B) respectively. Rule 24(a)(2) requires the Court to permit intervention where a party,

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . .

Fed. R. Civ. P. 24(a)(2). In the Tenth Circuit, the requirements for intervention of right under Rule 24(a)(2) are: (1) the application to intervene is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. United States v. Albert Inv. Co. Inc., 585 F.3d 1386, 1391 (10th Cir. 2009) (quotations omitted). As to the second and third requirements, the Tenth Circuit instructs that the applicant,

" . . . must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention."

Id. at 1392.

1234 Group satisfies the first two requirements; its motion to intervene was timely, and, since it owns Westover's counterclaims, it has an interest in the action. But the risk of injury to 1234 Group's interest if it does not intervene is de minimis. In its amended answer to plaintiffs' complaint, Westover broadly incorporates its counterclaims into its eight affirmative defenses. Dkt. # 39, at 8-10. Because plaintiffs' action against Westover is for breach of contract, Westover—which shares management and counsel with 1234 Group—will have ample opportunity to litigate the issues raised in its contract-related counterclaims by raising them as affirmative defenses. Additionally, 1234 Group is free to bring a related case against plaintiffs in an appropriate jurisdiction in which it can seek to collaterally estop plaintiffs from relitigating issues or claims decided in this action and bring any of its claims not litigated in this action. Therefore, because the risk of injury to 1234 Group's interest in Westover's amended counterclaims if 1234 Group does not intervene is insignificant, 1234 Group is not entitled to intervention of right under Fed. R. Civ. P. 24(a)(2).

Nor should the Court permit 1234 Group to intervene under Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b)(1)(B) provides, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The counterclaims 1234 Group seeks to assert upon intervention do share common questions of law and fact with the main action. But permitting intervention under Rule 24(b)(1)(B) is "a matter within the sound discretion of the district court . . . ." Arney v. Finney, 967 F.2d 418,

419 (10th Cir. 1992) (quotations omitted). And, in exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Tri-State Generation & Transmission Ass'n, Inc.v. New Mexico Pub. Regulation Comm'n, 787 F.3d 1068, 1069 (10th Cir. 2015) (upholding district court's denial of permissive intervention where intervention would "burden the parties with additional discovery"); Finney, 967 F.2d at 421 (same where intervention "would only clutter the action unnecessarily"). In seeking to intervene, 1234 Group has already cluttered this action unnecessarily. When Westover, which shares management with 1234 Group, filed its initial counterclaims, it and 1234 Group knew that Westover had assigned any and all claims to 1234 Group three months prior. Further still, no one affiliated with either entity disclosed the assignment to plaintiffs for yet another month, until four days after plaintiffs filed their motion to dismiss. The procedural difficulties 1234 Group has created for plaintiffs (and the Court) could easily have been avoided and should have been. Permitting 1234 Group to intervene at this juncture would only further delay the adjudication of plaintiffs' claims. For these reasons, 1234 Group's application for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) is denied.

Finally, 1234 Group's argument that it should be joined with or substituted for Westover in Westover's amended counterclaims under Fed. R. Civ. P. 17(a)(3) also fails. Rule 17(a)(3) provides,

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.

Fed. R. Civ. P. 17(a)(3). The advisory committee's notes instruct that Rule 17(a)(3) "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Id. Thus, in determining whether or not it is appropriate

8

to substitute a party as the real party in interest under Rule 17(a)(3), a Court must "focus primarily on whether [the party seeking substitution] engaged in deliberate tactical maneuvering (i.e. whether his mistake was "honest"), and on whether the [opposing party] was prejudiced thereby." Esposito v. United States, 368 F.3d 1271, 1276 (10th Cir. 2004). Here, determination of the proper party to bring the counterclaims is not difficult. To reiterate, when Westover filed its initial counterclaims both it and 1234 Group knew that Westover assigned any all claims to 1234 Group three months prior, but neither Westover nor 1234 Group disclosed the assignment to plaintiffs until after plaintiffs filed their motion to dismiss. Although the Court does not go as far as to find that Westover and 1234 Group engaged in deliberate tactical maneuvering, Westover's decision to bring counterclaims that it knew it assigned to 1234 Group, and these entities' collective failure to promptly correct this obvious defect, are simply not the type of understandable or honest mistakes that Fed. R. Civ. P. 17(a)(3) is meant to remedy.

Accordingly, 1234 Group, LLC's motion for substitution as a co-counterclaimant or, in the alternative, intervention (Dkt. # 42; Dkt. # 44) is denied.

### III. Plaintiffs' Motion to Dismiss

Plaintiffs argue that the Court must dismiss Westover's first amended counterclaims because, inter alia, due to the assignment, Westover was not the real party in interest when it filed them and therefore lacks prudential standing. Dkt. # 59, at 2; Dkt. # 49, at 16 (quoting Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest"); RMA Ventures Cal. v. Sun America Life Ins. Co., 576 F.3d 1070, 1073 (10th Cir. 2009) (". . . litigants cannot sue in federal court to enforce the rights of others.") (citing Fed. R. Civ. P. 17(a))). In response, Westover argues that an "issue involving the identity of a party is an issue of joinder of the real party in interest, not

9

standing." Dkt. # 54, at 9. In addition, rehashing its arguments under Fed. R. Civ. P. 21, 17(a)(3), 25(c), and 20(a)(1)(A) that appear in its motion for substitution or intervention, Westover argues that the "Federal Rules of Civil procedure repeatedly dictate that technical deficiencies relating to the identity of a party are not a basis to dismiss a claim." Id. at 9-10.

The Court finds that Westover's first amended counterclaims should be dismissed because Westover is not the real party in interest and thus lacks prudential standing. See RMA Ventures, 576 F.3d at 1073 ("A well founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others.") (citing Fed. R. Civ. P. 17(a); Rawoof v. Texor Petrol Co., Inc., 521 F.3d 750, 757 (7th Cir. 2008) (noting that courts have describe Rule 17(a)'s real party in interest requirement as "essentially a codification" of the "nonconstitutional, prudential limitation on standing") (collecting cases)). In addition, for the reasons already given, 1234 Group's failure to bring the counterclaims in the first instance, or at least promptly assert itself as the real party in interest after Westover filed them, is not a mere technical deficiency, and 1234 Group has no right, and should not be permitted, to be substituted for Westover in, or join or intervene in, Westover's amended counterclaims under any Federal Rule of Civil Procedure.

Accordingly, plaintiffs' motion to dismiss Westover's amended counterclaims (Dkt. # 49) is granted as to failure to state a claim for lack of prudential standing and moot as to lack of jurisdiction.

**IT IS THEREFORE ORDERED** that non-party 1234 Group, LLC's motion for substitution as co-counterclaimant or, in the alternative, intervention (Dkt. ## 42, 44) is **denied**. The Court Clerk is directed to terminate 1234 Group, LLC and remove it from the docket sheet in this matter after distribution of this Opinion and Order.

**IT IS FURTHER ORDERED** that plaintiffs' motion to dismiss Westover's amended counterclaims (Dkt. # 49) is **granted** as to failure to state a claim for lack of prudential standing and **moot** as to lack of jurisdiction. Westover's amended counterclaims (Dkt. # 38) are hereby **dismissed.**

**DATED** this 13th day of July, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE